## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                             )<br>                    Plaintiff,              )<br>                                                             )<br>v.                                                        )      Case Number CR-04-81-C<br>                                                             )<br>DECORY DANYAYLE WILLIAMS,  )<br>                                                             )<br>                    Defendant.           ) | |

### **MEMORANDUM OPINION**

Now before the Court are two motions filed by Defendant Decory Danyayle Williams (Williams): a Motion for Certificate of Appealability (COA) and an Application to Proceed Without Prepayment of Fees.[*] Williams seeks to prosecute his appeal of this Court's denial of his 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence without prepayment of fees.

**I.      Motion for Certificate of Appealability.**

The Court may grant Williams a COA "only if [he] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court previously denied Williams' § 2255 motion on the merits (Order, Dkt. No. 133), thus he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

---

[*] Williams' COA is styled as a motion for the Tenth Circuit Court of Appeals; however, the Court considers the COA to be properly before this Court as he filed the COA in the Western District Federal Court on March 3, 2006, and supplemented the COA with an in forma pauperis motion on March 20, 2006.

Williams argues that he should not have been sentenced as a career offender, as the charge to which he pleaded guilty is not a crime of violence as defined by the Sentencing Guidelines § 4B1.2 (Guidelines).  Specifically, Williams contends that the Court erred in its calculation of his sentence as "there was no allegation or charge in the indictment that [the crime charged] is a crime of violence," that is, "he was not 'expressly charged' that the crime involved . . . by its nature, presented a serious potential risk of physical injury to another." (Def.'s Br., Dkt. No. 151, at 3.)  Williams' argument fails, as he misreads the Guidelines.  The Guidelines do not require that an indictment contain an explicit sentence notifying a defendant that the nature of the crime for which he is charged presents a serious physical injury risk to another individual; instead, the Guidelines only require that the Court consider whether the conduct expressly charged, and for which the defendant was subsequently convicted, presents a serious physical injury risk to another individual.  See § 4B1.2.  Beyond his conclusory assertion, Williams neither parses the language of the Guidelines nor cites to any circuit court precedent capable of supporting his reading of the Guidelines.  See Phillips v. Calhoun, 956 F.2d 949, 953-54 (10th Cir. 1992) (holding that a litigant must support an argument with legal authority).  As Williams has not demonstrated that reasonable jurists would differ, the grant of a COA would be inappropriate.

**II.     Motion for Application to Proceed Without Prepayment of Fees.**

A § 2255 proceeding and its concomitant appeal are not governed by 28 U.S.C. §§ 1915(a)(2) and (b); nonetheless, Williams is obligated to comply with the remaining provisions of § 1915.  McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th

Cir. 1997). Accordingly, Williams must demonstrate that he is financially unable to pay the requisite fees and that his appeal is taken in good faith. Id. at 812. To establish financial inability to pay, Williams must "submit[] an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the . . . appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). To establish objective good faith under § 1915(a)(3), Williams must give a reasoned, nonfrivolous argument on the law and facts in support of his application. Coppedge v. United States, 369 U.S. 438, 445 (1962); McIntosh, 115 F.3d at 812-13.

Here, the Court finds that Williams has demonstrated objective good faith by proffering a non-frivolous argument that the crime for which he pleaded guilty is not a crime of violence under the Sentencing Guidelines. (See Def.'s Br., Dkt. No. 151.) Additionally, the Court finds Williams has demonstrated his financial inability to pay. (See Def.'s Application, Dkt. No. 153). Therefore, Williams may proceed in forma pauperis.

## CONCLUSION

Williams' Motion for Certificate of Appealability [Dkt. No. 151] is **DENIED** and his Application to Proceed Without Prepayment of Fees [Dkt. No. 153] is **GRANTED** as delineated more fully herein.

IT IS SO ORDERED this 24th day of March, 2006.

_____
ROBIN J. CAUTHRON
United States District Judge